IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARLIN E. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | 8:16CV347 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| DEBORAH CLARK, Executive Director of Glen Haven Home, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

    Plaintiff Marlin E. Jones, a resident of the Glen Haven Home in Glenwood, Iowa, filed this action on July 13, 2016, against Deborah Clark, the executive director of Glen Haven Home. Jones alleges that on July 27, 2015, Clark reported to local police that Jones had "threatened the life of a person." (Filing No. 1 at CM/ECF p. 1.) The police then came to the home, removed Jones from his wheelchair, strapped him onto a gurney, and took him to a hospital in Council Bluffs, Iowa, from which he was released without treatment. Jones complains that Clark's report was false, and he seeks damages in the amount of $150,000.00 (Filing No. 1 at CM/ECF p. 3.)

    None of the events about which Jones complains occurred in Nebraska, and so it is unclear why Jones chose to file his Complaint in this court. Even if venue were proper here, it is apparent that this court lacks subject-matter jurisdiction over Plaintiff's Complaint. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

    A plaintiff must sufficiently state a claim for relief that contains "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). Subject-matter jurisdiction may be proper in federal court pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction, when "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). Subject-matter jurisdiction may also be proper under 28

U.S.C. § 1331 where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute," the Constitution, or treaties of the United States, commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986).

Here, Jones has not alleged that the parties reside in different states. In addition, he has not alleged a cause of action under federal law. Therefore, jurisdiction does not exist under sections 28 U.S.C. §§ 1331 or 1332, and the court will dismiss this action without prejudice. The court will not provide Jones with an opportunity to file an amended complaint because the court has concluded that to do so would be futile. In addition, Jones filed a factually identical claim against Clark in this court on November 25, 2015, and this court dismissed that matter for lack of jurisdiction as well. *See Jones v. Glen Haven Home*, Case No. 8:15CV432 (D. Neb. 2015) (in Filing Nos. 11 & 12, case dismissed on February 25, 2016, for lack of jurisdiction).

For future reference, Plaintiff is advised that should he actually have a federal claim against Glen Haven Home or Deborah Clark for events that occur in Iowa, he should file such claims in the United States District Court for the Southern District of Iowa, as directed in yet another of Plaintiff's cases. *See Jones v. Glen Haven Home*, Case No. 8:16CV97 (D. Neb. 2016) (in Filing No. 11, case transferred to United States District Court for the Southern District of Iowa due to improper venue when all parties were residents of Iowa and where the events or omissions giving rise to plaintiff's claims occurred in Iowa).

IT IS THEREFORE ORDERED that:

1. This case is dismissed without prejudice; and

2. Judgment shall be entered by separate document.

DATED this 29th day of September, 2016.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge